UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAISHIA JACKSON,

                        Plaintiff,

            -against-

FINANCIAL HEALTH NETWORK,

                        Defendant.

25-CV-10017 (JPO)

SECOND ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12117; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131.  She alleges claims of discrimination, failure to accommodate, and retaliation based on her disability, naming her former employer, Financial Health Network ("FHN") as Defendant.  The Court construes Plaintiff's Second Amended Complaint as also alleging claims of interference and retaliation under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 to 2654.  (*See* ECF No. 14.)  By order dated December 11, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the Second Amended Complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Second Amended Complaint ordered that any summonses be issued.  The Court therefore extends the time to serve until 90 days after the date any summonses issue.

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).  This Court ordered the U.S. Marshal Service to effect service of Plaintiff's initial complaint on December 31, 2025.  (ECF No. 8.)  Since then, Plaintiff has filed two more complaints, including the operative Second Amended Complaint.

To allow Plaintiff to effect service on FHN through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for FHN.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon FHN.

If the Second Amended Complaint (ECF No. 14) is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

3

## CONCLUSION

The Clerk of Court is instructed to issue a summons for the Defendant, complete the USM-285 form with the address for the Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   February 9, 2026
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

3

## SERVICE ADDRESS FOR DEFENDANT

Financial Health Network
30 N. LaSalle Street, Suite 2040
Chicago, IL 60602