UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NAISHIA JACKSON,<br><br>      Plaintiff,<br><br>  -v-<br><br>FINANCIAL HEALTH NETWORK,<br>      Defendant. | 25-CV-10017 (JPO)<br><br>ORDER |

J. PAUL OETKEN, District Judge:

Plaintiff Naishia Jackson, *pro se* and proceeding *in forma pauperis*, filed this action on December 1, 2025.  (ECF No. 1.)  In her amended complaint, she asserts disability discrimination and retaliation in violation of the Americans with Disability Act, 42 U.S.C. §§ 12101-12213, and New York State and City Laws, N.Y. Exec. Law §§ 290-297, N.Y. City Admin. Code §§ 8-101-131.  (ECF No. 14.)  On April 27, 2026, Jackson applied to the Court for the appointment of counsel.  (ECF No. 22.)  She writes that she is "unfamiliar with this process and the stage of the case."  (*Id.* at 1.)  On May 1, 2026, Financial Health Network moved to dismiss.  (ECF No. 23.)

A district court may appoint counsel under 28 U.S.C. § 1915(e).  The Second Circuit has directed district courts to determine first whether the plaintiff made "a threshold showing of some likelihood of merit."  *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)).  Once that showing has been met, a district court "should then consider the [plaintiff's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . ., the [plaintiff's] ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just

1

determination." *Id.* at 42 (citing *Hodge v. Police Officers*, 802 F.2d 58, 59 (2d Cir. 1986)).

District courts must remain aware that "[v]olunteer lawyer time is a precious commodity."

*Cooper*, 877 F.2d at 172.

There is at least some chance that the allegations of the amended complaint will succeed.

*See, e.g.*, *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (noting that

a *pro se* litigant need only show "some chance of success" or "seem[] likely to be of substance"

(internal quotation marks omitted)).  However, the legal issues in the case do not yet seem

particularly complex, and at this stage of the case, Jackson has no need for assistance

investigating the crucial facts or for assistance in cross-examination.  Nor is appointment of

counsel appropriate for any special reason.

Accordingly, Jackson's application for appointment of counsel is denied without

prejudice to renewal at a later stage in the case.  *See*, *Quadir v. N.Y. State Dep't of Labor*, 39 F.

Supp. 3d 528, 543 (S.D.N.Y. 2014).  In the interim, Jackson may consider contacting this

District's *Pro Se* Law Clinic, which may be able to provide her with advice in connection with

this case.  (*See* ECF No. 10 for instructions.)

Jackson's time to respond to the motion to dismiss is extended to May 25, 2026.  If her

opposition is not filed by that date, the Court will consider Financial Health Network's motion to

be unopposed.

The Clerk of Court is directed to terminate the motion at ECF No. 22.

SO ORDERED.

Dated: May 4, 2026
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

2